IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

TONY CURTIS BROACH, #136351,   :

    Plaintiff,   :

vs.   :   CIVIL ACTION 15-42-KD-C

KIM THOMAS, *et al.*,   :

    Defendants.   :

REPORT AND RECOMMENDATION

Plaintiff, an Alabama prison inmate proceeding *pro se*, filed a complaint under 42 U.S.C. § 1983 together with a motion to proceed without prepayment of fees. This action was referred to the undersigned for appropriate action pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 72.2(c)(4). After careful review, it is recommended that this action be dismissed without prejudice pursuant to 28 U.S.C. § 1915(g).

Section 1915(g) provides:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section [28 U.S.C. § 1915] if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

The purpose of this section is to curb abusive prisoner litigation by requiring a prisoner who has had three actions or appeals dismissed as meritless to pay the full filing

fee when his next action is filed. *Dupree v. Palmer,* 284 F.3d 1234, 1236 (11th Cir. 2002). "The only exception to section 1915(g) is if the frequent filer prisoner is 'under imminent danger of serious physical injury.'" *Rivera v. Allin*, 144 F.3d 719, 723 (11th Cir. 1998), *overruled on other grounds by Jones v. Bock,* 549 U.S. 199, 215-16 (2007).

Because plaintiff is seeking leave to proceed *in forma pauperis*, the Court reviewed the records of the United States District Court for the Southern, Middle, and Northern Districts of Alabama to determine if he has three or more *in forma pauperis* actions and appeals that were dismissed on the grounds that they were frivolous, malicious, or failed to state a claim upon which relief can be granted. From those dockets the Court discovered that plaintiff has had four *in forma pauperis* actions and appeals dismissed for one of the foregoing reasons, namely, *Broach v, Jackson,* CA No. 98-1317-MHY-JLC (M.D. Ala. Jan. 28, 1999) (failure to state a claim and frivolous); *Broach v. Nagel,* CA No. 89-2173-JHH (N.D. Ala. May 22, 1990), *appeal dismissed* (11th Cir. Oct. 17, 1990) (frivolous); *Broach v. State of Alabama,* CA No. 06-1111-MEF-WS (M.D. Ala. Jan. 30, 2006) (frivolous); *Broach v. Allen,* CA No. 07-0109-MEF-TFM (M.D. Ala. Apr. 18, 2007) (frivolous).

Thus, in order to avoid the dismissal of the present action pursuant to § 1915(g), plaintiff must satisfy the exception to § 1915(g), which requires that at the time of the complaint's filing, he show that he was "under imminent danger of serious physical injury." *See Adbul-Akabar v. McKelvie*, 239 F.3d 307, 315 (3d Cir. 2001) ("By using the term 'imminent,' Congress indicated that it wanted to include a safety valve for the 'three strikes' rule to prevent impending harms, not those harms that had already occurred."), *cert. denied*, 533 U.S. 953 (2001); *Brown v. Johnson*, 387 F.3d 1344, 1349 (11th Cir.

2004) ("a prisoner must allege a present imminent danger, as opposed to a past danger, to proceed under section 1915(g)"); *Medberry v. Butler,* 185 F.3d 1189, 1193 (11th Cir. 1999) (the plaintiff must face imminent danger of serious physical injury at the time the complaint is filed, not at a prior time).

In determining if the exception to § 1915(g) is satisfied, "the issue is whether his complaint, as a whole, alleges imminent danger of serious physical injury." *Brown*, 387 F.3d at 1350. To make this showing, a plaintiff "must allege and provide specific fact allegations of ongoing serious physical injury, or a pattern of misconduct evidencing the likelihood of imminent serious physical injury[.]" *Ball v. Allen*, CA No. 06-0496-CG-M, 2007 WL 484547, at *1 (S.D. Ala. Feb. 8, 2007) (citation and quotation marks omitted) (unpublished) (Granade, C.J.). Plaintiff has not done this.

In reviewing the complaint, the Court finds that plaintiff identifies the date of the complained of incident as May 17, 2014. (Doc. 1 at 4). On that date plaintiff "collapsed breaking his neck around the C-2 vertebra." (*Id.* at 8). When plaintiff reported to the Health Care Unit, Nurse Practitioner Moore said that she could not do anything until the doctor comes on Monday. (*Id.*). On Monday, May 19, 2014, Nurse Practitioner William gave plaintiff two medications and a muscle rub and, at plaintiff's insistence, took some x-rays. (*Id.* at 8-9). Plaintiff was told the x-rays would be ready in two days, but they were not ready, and plaintiff was not able to get the results on Thursday. (*Id.*). Thus, on Friday, May 23, 2014, at 12:30 p.m., plaintiff proceeded to speak with Deputy Warden S. Smith about the severe pain he had been experiencing for the past six days and his inability to obtain information from the Health Care Unit about his injury. (*Id.* at 10). At about 1:20 p.m., he was summoned to the Health Care Unit, placed in a neck brace, and

transported to U.S.A. Hospital, where it was determined after numerous x-rays that his neck was "clean broke" around the C-2 vertebra." (*Id.*). Plaintiff was returned to Fountain Correctional Facility where he remained in the Health Care Unit until August 2014. (*Id.*). Plaintiff seeks compensatory and punitive damages for his "six (6) days of torment due to the denial of medical care by the Corizon Medical Staff at Fountain Correctional Center." (*Id.* at 7, 10).

Considering plaintiff's present allegations, the Court finds that plaintiff does not show that he was under "imminent danger of serious physical injury" at the time of filing. Plaintiff signed the complaint on January 11, 2015, and its envelope bears a postmark of January 26, 2015. (*Id.* at 17). Thus, plaintiff filed the complaint between January 11 and 26, 2015. *Houston v. Lack,* 487 U.S. 266, 270, 108 S.Ct. 2379, 2382, 101 L.Ed.2d 245 (1988) (delivery of prisoner's notice of appeal to prison officials for mailing to the court constitutes filing). However, plaintiff complains of an incident that occurred in May 2014. Furthermore, no allegations are present in the complaint demonstrating that plaintiff was subject to "imminent danger of serious physical injury" at the time of the complaint's filing in January 2015.

Because plaintiff cannot avail himself of § 1915(g)'s exception, and on account of his failure to pay the $400 filing fee at the time he filed this action, plaintiff's action is due to be dismissed without prejudice. *Dupree,* 284 F.3d at 1236 (holding that an action must be dismissed without prejudice when an inmate who is subject to § 1915(g) does not "pay the filing fee at the time he *initiates* the suit"); *Vanderberg v. Donaldson,* 259 F.3d 1321, 1324 (11th Cir.) (holding that the filing fee paid must be paid by an inmate subject to § 1915(g) at the time an action is commenced), *cert. denied*, 535 U.S. 976 (2002).

Therefore, it is recommended that this action be dismissed without prejudice pursuant to 28 U.S.C. § 1915(g).

## NOTICE OF RIGHT TO FILE OBJECTIONS

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to this recommendation or anything in it must, within fourteen (14) days of the date of service of this document, file specific written objections with the Clerk of this Court. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b); S.D. ALA. L.R. 72.4. The parties should note that under Eleventh Circuit precedent, "the failure to object limits the scope of [] appellate review to plain error review of the magistrate judge's factual findings." *Dupree v. Warden,* 715 F.3d 1295, 1300 (11th Cir. 2013). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the Magistrate Judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the Magistrate Judge is not specific.

**DONE** this 5th day of February, 2015.

s/WILLIAM E. CASSADY<br>
**UNITED STATES MAGISTRATE JUDGE**